838 F.2d 467
 46 Fair Empl.Prac.Cas. 176
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Linda Peden MORRIS, Plaintiff-Appellee,
v.
Richard BIANCHINI, Jack Naiman, David Johnson, Richard
Erdenburger, the Sporting Club, Defendant-Appellant.
 No. 87-1571.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1988.
Decided Jan. 25, 1988.
 
 Michael Frank Marino (McGuire, Woods, Battle & Boothe on brief) for appellants.
 Penelope Jane Stetina (George M. Chuzi; June D.W. Kalijarvi, Kalijarvi & Chuzi, P.C. on brief) for appellee.
 E.D.Va.
 AFFIRMED.
 Before HARRI WINTER, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Linda Peden-Morris prevailed in her Title VII action against The Sporting Club and individual defendants employed by The Sporting Club. She had claimed defendants failed to promote her to the position of Athletic Director/Assistant General Manager at a health and fitness facility in Tysons Corner, Virginia, because she is a woman. Defendants contended at trial and now argue on appeal that they promoted David Tashiro, rather than the plaintiff, to the position of Athletic Director/Assistant General Manager because of his superior management experience and skills. The district court's finding that defendants' explanation was pretextual is not clearly erroneous. We therefore affirm.
 
 I.
 
 2
 From March of 1983 until January of 1985, Plaintiff Peden-Morris worked at the Sporting Club in Tysons Corner, one of five Sporting Clubs nationwide. As of January, 1985, she reported directly to Athletic Director Bruce Morris. On January 3, 1985, defendant Richard Bianchini, General Manager of the Tysons Sporting Club, fired Bruce Morris and immediately promoted David Tashiro to the position of Athletic Director. Defendants did not give other employees advance notice and an opportunity to apply for the position, but there was testimony that defendants routinely considered existing employees in promotion decisions.
 
 
 3
 Plaintiff had college degrees in the recreation area, and a wide range of experience in the various fitness programs at the Tysons Sporting Club, such as aerobics, racquetball, swimming, and running. As of January of 1985, she served as Fitness Coordinator and supervised several Tysons Sporting Club employees. Tashiro had not completed college, but had managed a nearby weightlifting center for over a year. In that capacity, he also had supervisory responsibilities.
 
 
 4
 Plaintiff presented evidence at trial that The Sporting Club had a policy preference for hiring staff with college degrees and that the position of Athletic Director entailed a familiarity with the Tysons Sporting Club's wide range of fitness activities.
 
 
 5
 Plaintiff also presented evidence of past gender discrimination at the Tysons Sporting Club in the form of testimony by three former employees. Kaye Campbell-Forsman testified that when she sought the position of Athletic Director in 1981, she was told by a Sporting Club agent that she was not promoted because she was female. Bruce Morris testified that when he inquired as to why Campbell-Forsman was not promoted to Athletic Director, he was told The Sporting Club wanted to project a "male image" for that position. Eunice Zachary-Hill testified that in 1981 she was told by an agent of The Sporting Club that she would not be hired permanently as the Tysons Sporting Club racquetball professional because she was female. She testified she was eventually hired only because there were not any qualified males interested in the position.
 
 II.
 
 6
 Once a Title VII plaintiff has established a prima facie case of discrimination, the defendant has the burden of articulating a legitimate nondiscriminatory reason for its action. Plaintiff must then demonstrate that the proffered reason is pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Peden-Morris offered both direct and indirect proof that defendants' explanation was pretextual by presenting evidence that defendants departed from their hiring criteria and offering evidence of previous discrimination against female employees.
 
 
 7
 Defendants argue that the testimony of previous acts of discrimination is incredible because the former employees were biased against them, and that the alleged episodes of past discrimination are too remote in time. They contend that the district court should not have concluded, based upon evidence that management preferred degrees for athletic staff, that defendants preferred college degrees for supervisory personnel.
 
 
 8
 The resolution of conflicting evidence and the weight to be given to each item of evidence are matters primarily for the district court. Its findings are conclusive if they are supported by evidence in the record, and there is such support in the record in this case. Defendants' plausible arguments concerning supervisory experience and witness bias were raised and litigated in the district court. We do not perceive error in their rejection.
 
 
 9
 We perceive no merit in defendants' other arguments.
 
 
 10
 AFFIRMED.